FILED
United States Court of Appeals
Tenth Circuit

December 10, 2025

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

WHYTE MONKEE PRODUCTIONS, LLC; TIMOTHY SEPI,

    Plaintiffs - Appellants,

v.

NETFLIX, INC.; ROYAL GOODE PRODUCTIONS, LLC,

    Defendants - Appellees.

------------------------------

JONATHAN ASKIN; MARK BARTHOLOMEW; BARTON BEEBE; MICHAEL A. CARRIER; MICHAEL W. CARROLL; ZACHARY CATANZARO; DALE COHEN; JORGE L. CONTRERAS; STACEY DOGAN; BRIAN L. FRYE; SHUBHA GHOSH; JAMES GIBSON; ELLEN P. GOODMAN; JAMES GRIMMELMANN; LAURA A. HEYMANN; PETER JASZI; STACEY M. LANTAGNE; LEE ANN WHEELIS LOCKRIDGE; MARK A. LEMLEY; YVETTE JOY LIEBESMAN; ORLY LOBEL; GLYNN LUNNEY; TIMOTHY J. MCFARLIN; MARK P. MCKENNA; VIVA MOFFAT; TYLER T. OCHOA; VICTORIA PHILLIPS; BETSY ROSENBLATT; ZAHR K. SAID; PAMELA SAMUELSON; JASON M. SCHULTZ; JESSICA SILBEY; ERIK STALLMAN; REBECCA TUSHNET; INTERNATIONAL DOCUMENTARY ASSOCIATION; FILM INDEPENDENT; KARTEMQUIN EDUCATIONAL

No. 22-6086
(D.C. No. 5:20-CV-00933-D)
(W.D. Okla.)

FILMS, INC.; WOMEN IN FILM; THE
UNIVERSITY FILM AND VIDEO
ASSOCIATION; AUTHORS ALLIANCE;
ELECTRONIC FRONTIER
FOUNDATION; AMERICAN LIBRARY
ASSOCIATION; ASSOCIATION OF
RESEARCH LIBRARIES; PUBLIC
KNOWLEDGE,

    Amici Curiae.

_____

# NOTICE
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **CARSON**, Circuit Judges.
_____

    **COMES NOW** the Undersigned, Jerome A. Holmes, Chief Circuit Judge, to provide notice of an inadvertent contact with an interested party. As further detailed below, over the course of about four days in mid-November of this year, 2025, the Undersigned consulted Phillip L. Free, Jr., for work on a transactional trademark and domain-name legal matter that was personal and unrelated in all respects to this litigation, without unfortunately having present awareness when he contacted and communicated with Mr. Free that Mr. Free represented Plaintiffs-Appellants in this litigation in the district court. Upon being reminded of this fact yesterday—upon review of the district-court pleadings—the Undersigned elected to promptly disclose this contact and the nature of it and to solicit the parties' positions regarding the Undersigned's continued participation in this appeal.

    The following provides historical context and further details about this contact and solicits the parties' positions:

1. As the parties are aware, this litigation has been pending in this Court since May 31, 2022. Though Mr. Free represented Plaintiffs-Appellants in the district court and filed a notice of appeal on their behalf on May 26, 2022, he has never entered an appearance in this appeal as counsel for Plaintiffs-Appellants.

2. The docket sheet shows that Mr. Free's involvement in this matter terminated on June 17, 2022. From the beginning and throughout this appeal, Plaintiffs-Appellants have been represented by Andrew Grimm of the Digital Justice Foundation.

3. The Undersigned has been a member of the merits panel of this appeal from the beginning, initially hearing oral argument on March 22, 2023, and then again on July 10, 2024.

4. In mid-November of 2025—close to three and one-half years after this appeal was filed and Mr. Free's participation in the appeal had terminated—the Undersigned contacted Mr. Free about representing him in his personal capacity on a transactional trademark and domain-name matter. The Undersigned had no present recollection when he contacted Mr. Free that he was an interested party in this litigation and had represented Plaintiffs-Appellants in the district court. The transactional trademark and domain-name matter that the Undersigned contacted Mr. Free about is personal and unrelated in all respects to this litigation.

5. The Undersigned and Mr. Free have never had a social or personal relationship, and this is the first time that the Undersigned has ever consulted Mr. Free as an attorney. Mr. Free and the Undersigned were attorneys together for some period

in the same large Oklahoma City, Oklahoma, law firm, in the 2005–2006 timeframe. However, Undersigned and Mr. Free did not interact one-on-one then because they did entirely different work at this firm, and they exchanged at most a few words in group settings. However, from that law-firm association, the Undersigned was aware that Mr. Free practiced in the trademark area.

6. Prior to contacting Mr. Free by email about consulting on the personal trademark and domain-name matter in November of 2025, the Undersigned had not had any communications whatsoever with Mr. Free since leaving the Oklahoma City law firm in August of 2006.

7. As for the personal trademark and domain-name matter, Mr. Free and the Undersigned exchanged a few emails concerning the matter over three days—between November 10–13, 2025—and had a conversation on the phone on November 14th. At **no** point during the Undersigned's communications—written or oral—with Mr. Free did the Undersigned mention or discuss this litigation. Indeed, during his communications with Mr. Free, the Undersigned regrettably had no present recollection that Mr. Free had any connection whatsoever with this litigation. The Undersigned has not had any communications with Mr. Free since approximately November 14, 2025.

8. As a result of those November 2025 communications, Mr. Free—secured on a one-year, renewable basis—two domain names on the Undersigned's behalf, and the Undersigned has paid Mr. Free for the costs of those domain names. Though the Undersigned and Mr. Free have communicated about Mr. Free seeking

4

trademarks on the Undersigned's behalf at some indeterminate point in the future, the Undersigned has not entered into any representation agreement with Mr. Free and is not obliged to use Mr. Free's legal services. Nor has the Undersigned paid Mr. Free any fees for legal services.

9. The Undersigned will have no further contact with Mr. Free during the pendency of this litigation.

10. Upon being reminded yesterday—upon review of the district-court pleadings in this litigation— that Mr. Free represented Plaintiffs-Appellants in the district court, the Undersigned elected to promptly disclose this contact and the nature of it and to solicit the parties' positions regarding the Undersigned's continued participation in this appeal.

11. It is the provisional judgment of the Undersigned that his inadvertent contact— under the circumstances described above—with someone who is only an interested party in this litigation and who solely represented Plaintiffs-Appellants in the district court is not grounds for recusal. *See, e.g.*, *United States v. Martinez*, 92 F.4th 1213, 1255–57 (10th Cir. 2024); Canon 3(C)(1) of the Code of Conduct of U.S. Judges. However, the Undersigned solicits the parties' positions concerning his continued participation in this matter.

12. In order to minimize the inconvenience and expenditure of resources required by this solicitation, the parties are requested at this time to file letters—not to exceed 350 words—stating their positions regarding the Undersigned's continued participation in this matter. Those letters should be filed by **5:00 pm (MT) on**

**December 20, 2025**.  If either party objects to the Undersigned's continued participation in this matter, the parties will be advised by subsequent order of this court regarding further proceedings in this case.

                                              Entered for the Court

                                              Jerome A. Holmes
                                              Chief Judge