# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS LLC,<br>TIMOTHY SEPI,<br>*Petitioners*,<br>v.<br>NETFLIX, INC., ROYAL GOODE PRODUCTIONS LLC,<br>*Respondents*. | Civil Appeal No. 22-6086 |

## UNOPPOSED MOTION FOR LEAVE TO ATTACH ADDITIONAL MATERIALS TO PETITION FOR REHEARING

Pursuant to Tenth Circuit Rule 40.2(B), Petitioners Whyte Monkee Productions LLC and Timothy Sepi hereby move and respectfully request leave to attach the initial Panel opinion to their petition for panel rehearing and rehearing en banc.

Most appeals result in only one opinion. This appeal has resulted in two. There was the initial opinion issued March 27, 2024. Whyte Monkee Prods., LLC v. Netflix, Inc., 97 F.4th 699 (10th Cir. 2024). Then, the Panel granted rehearing and reversed course, issuing a second opinion after rehearing, on April 30, 2026. Whyte Monkee Prods., LLC v. Netflix, Inc., 174 F.4th 761 (10th Cir. 2026). Both opinions are centrally important to Petitioners' petition for rehearing. Both should be considered.

Tenth Circuit Rule 40.2(B) establishes a practice whereby counsel must attach to a petition for rehearing en banc the very panel opinion that counsel believe should be reheard by the entire Court. 10th Cir. R. 40.2(B) ("A copy of the panel decision that is the subject of a request for rehearing en banc must be attached to the petition.").

Rule 40.2(B) also forbids the attachment of other materials to a petition for rehearing unless the petition is accompanied by a motion for leave. Id. ("No other documents may be attached unless the petition is accompanied by a motion for leave to attach additional documents that identifies the attachments with particularity and states the reason(s) why they are necessary for the court's consideration of the petition.").

The rule does not address the instant situation where an appeal has resulted in two opinions, one opinion upon initial consideration and the other opinion after rehearing. Id.[1]

Here, leave is sought to attach the first Panel opinion as well. Perhaps, a fair reading of Rule 40.2(B) could be that leave is unnecessary if the additional attachment is a prior panel opinion in that case. Yet, in an abundance of caution, leave is sought.

---

[1] Moreover, it appears that there is no case law citing or interpreting Rule 40.2(B).

The necessity of the initial Panel opinion is that the initial Panel opinion is a faithful application of the Supreme Court's authorities on this issue of copyright's statutory fair use, whereas the second Panel opinion deviates substantially from what those Supreme Court precedents require and, despite its length, cannot square the newfound outcome with the governing Supreme Court precedents, correctly applied beforehand.

Rehearing en banc is appropriate where the panel opinion conflicts with Supreme Court decisions. Fed. R. App. P. 40(b)(2)(B) (grounds for en banc rehearing include that "the panel decision conflicts with a decision of the United States Supreme Court").

And, there is no better document that crystallizes those conflicts than a side-by-side comparison of the initial Panel opinion, that faithfully applied the Supreme Court's cases on fair use, and the second Panel opinion, which deviates substantially from them in applying a purported restatement of copyright law, one which led the Panel deeply astray.

*****

To the extent that leave is required, leave should be granted for these reasons. To the extent that Tenth Circuit Rule 40.2(B) is read to permit all panel decisions in an appeal to be appended to a petition for rehearing en banc, this request can be denied as unnecessary.

This Motion is **unopposed**. ("We do not oppose a motion for leave to attach the first opinion.").

Date: July 28, 2026

Respectfully submitted,

*/s/ Gregory Keenan*
Gregory Keenan
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
GWKeenan24@Gmail.com

*Attorney for Petitioners*

## CERTIFICATE OF COMPLIANCE

This filing contains **699** words.

This filing was prepared in Microsoft Word using Times New Roman 14-point font.

Date: July 28, 2026

Respectfully submitted,

*/s/ Gregory Keenan*

Gregory Keenan

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

Date: July 28, 2026

Respectfully submitted,

*/s/ Gregory Keenan*
Gregory Keenan