No. 22-6086

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

WHYTE MONKEE PRODUCTIONS, LLC, TIMOTHY SEPI,

*Plaintiffs-Appellants,*

v.

NETFLIX, INC., ROYAL GOODE PRODUCTIONS LLC,

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA,
HON. TIMOTHY D. DEGIUSTI
NO. 5:20-CV-00933-D

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF
MOTION PICTURE ASSOCIATION, INC.**

| | |
|---|---|
| Kelly M. Klaus | Rose Leda Ehler |
| Shannon Galvin Aminirad | MUNGER, TOLLES, & OLSON LLP |
| MUNGER, TOLLES, & OLSON LLP | 350 South Grand Avenue, 50th Floor |
| 560 Mission Street, 27th Floor | Los Angeles, California 90071 |
| San Francisco, California 94105 | Telephone: (213) 683-9100 |
| Telephone: (415) 512-4000 | Email: rose.ehler@mto.com |
| Email: kelly.klaus@mto.com | |
| Email: shannon.aminirad@mto.com | |

*Attorneys for Amicus Curiae
Motion Picture Association, Inc.*

# CORPORATE DISCLOSURE STATEMENT

The Motion Picture Association, Inc. ("MPA") is a not-for-profit trade association. The MPA's members are Netflix Studios, LLC,[1] Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Universal City Studios LLC, Walt Disney Studios Motion Pictures, and Warner Bros. Entertainment Inc. The MPA does not have any parent companies, and no publicly held company owns 10% or more of the MPA.

DATED: May 2, 2024

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By:     */s/ Kelly M. Klaus*
       KELLY M. KLAUS
       Attorneys for *Amicus Curiae* Motion
       Picture Association, Inc.

---

[1] Defendant-Appellee Netflix, Inc. is the parent company of Netflix Studios, LLC.

1

# MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Pursuant to Federal Rule of Appellate Procedure 29(b)(2), (3), the Motion Picture Association, Inc. ("MPA") respectfully requests leave to file an *amicus curiae* brief in support of Defendants-Appellees' limited petition for partial panel rehearing and rehearing *en banc*.[2] A copy of the proposed brief is an exhibit to this motion. The MPA has contacted the parties, and no party objects to the MPA's filing of an *amicus curiae* brief.

The MPA is a not-for-profit trade association established in 1922 to address issues of concern to the motion picture industry. Since its founding, the MPA has served as the voice and advocate of the film and television industry around the world, advancing the business and art of storytelling, protecting the creative and artistic freedoms of storytellers, and bringing entertainment and inspiration to audiences worldwide.

The MPA's member companies are Netflix Studios, LLC,[3] Paramount Pictures Corporation, Sony Pictures Entertainment Inc., Universal City Studios

---

[2] Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), the MPA states: no party or party's counsel authored the MPA's *amicus* brief in whole or in part; no party or party's counsel contributed money to fund the preparation or submission of the MPA's *amicus* brief; and no other person except MPA and its members (*excluding* MPA member Netflix Studios, LLC or any of its affiliates) contributed money intended to fund the preparation or submission of the MPA's *amicus* brief.

[3] Defendant-Appellee Netflix, Inc. is the parent company of MPA-member Netflix Studios, LLC.

1

LLC, Walt Disney Studios Motion Pictures, and Warner Bros. Entertainment Inc. The MPA's members and their affiliates are leading producers and disseminators of filmed entertainment. They frequently are parties to copyright litigation, both as plaintiffs and defendants. The MPA thus has a strong interest in the standards that apply to the fair use defense. The MPA has appeared as *amicus curiae* in many copyright cases and is well-positioned to provide a balanced view on fair use issues.

The MPA's proposed *amicus* brief argues that this Court should grant rehearing because the Panel opinion in this case erred in construing and applying the first statutory fair use factor. 17 U.S.C. § 107(1). The Panel held that under the Supreme Court's recent opinion in *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023) ("*Warhol*"), the documentary in suit ("*Tiger King*") as a matter of law could not be deemed to make a "transformative" use of less than a minute of Plaintiffs' 23-minute "Funeral Video." *Warhol* compelled this result, the Panel said, because *Tiger King* did not "comment on" the "creative decisions" or "intended meaning" underlying the Funeral Video. *Whyte Monkee Prods., LLC v. Netflix, Inc.*, 97 F.4th 699, 714 (10th Cir. 2024).

The Panel erred in interpreting *Warhol* and in reversing the district court's decision that the first factor favored the fair use defense. *Warhol* and the Supreme Court precedent it followed make clear that the contours of the fair use defense

may vary depending on the "context" of the secondary use, and that courts must be particularly attentive to "'whether *and to what extent*' the use at issue has a purpose or character different from the original." *Warhol*, 598 U.S. at 527-29 (emphasis added) (first quoting *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 20 (2021); then quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994)).

The Panel's decision to apply a bright-line rule failed to account for the context of the secondary use, a documentary about "Joe Exotic," the former owner/operator of a wild animal park who was convicted for animal abuse and attempted murder. It also failed to account for the fact that the "Funeral Video" and *Tiger King* have very different purposes: the former was a 23-minute YouTube livestream of a funeral; the latter used less than a minute of that video "to illustrate Mr. Exotic's purported megalomania" and to "provid[e] a historical reference point in Mr. Exotic's life." *Whyte Monkee*, 97 F.4th at 714.

The Panel's misconstruction of *Warhol* runs contrary to decades of case law finding fair use involving documentaries, docudramas, and other biographical and historical works that are rooted in realism and authenticity. Such works commonly utilize portions of earlier works, as *Tiger King* did, to provide historical markers or illustrate important facts about particular people, places, or events. And courts

generally have found such uses to be transformative and permitted under the fair use defense. *Warhol* did not upset this well-established precedent.

The Panel's erroneous interpretation of *Warhol* casts a cloud of uncertainty over the work of filmmakers, including the MPA's members, who use discrete portions of prior works to create new works grounded in or commenting upon history, biography, and the real world.

For these reasons, the MPA respectfully requests that the Court grant its motion and allow the filing of its proposed *amicus* brief.

DATED: May 2, 2024            MUNGER, TOLLES & OLSON LLP

By:    */s/ Kelly M. Klaus*
       KELLY M. KLAUS
       Attorneys for *Amicus Curiae* Motion
       Picture Association, Inc.

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A), because, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), this motion contains 809 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Circuit Rule 32(A), and the typestyle requirements of Fed. R. App. P. 32(a)(6), because this motion has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman 14-point.

I hereby certify, pursuant to Circuit Rule 25.5, that all required privacy redactions have been made. I further certify that the hard copies of this Motion for Leave to File *Amicus Curiae* Brief to be submitted to the Clerk's Office pursuant to Circuit Rules 29.2 and 31.5 are exact copies of the electronic filing. I further certify that the electronic submission was scanned for viruses with the most recent version of Windows Defender and is free of viruses.

DATED: May 2, 2024                     MUNGER, TOLLES & OLSON LLP


By:     */s/ Kelly M. Klaus*
       KELLY M. KLAUS
       Attorneys for *Amicus Curiae* Motion Picture Association, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. I certify that counsel for all parties are registered CM/ECF users and that service to all parties will be accomplished by the CM/ECF system.

*/s/ Kelly M. Klaus*
Kelly M. Klaus