NO. 22-6086

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

WHYTE MONKEE PRODUCTIONS, LLC; TIMOTHY SEPI,

PLAINTIFFS- APPELLANTS,

v.

NETFLIX, INC.; ROYAL GOODE PRODUCTIONS, LLC,

DEFENDANTS-APPELLEES.

On Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 5:20-CV-00933-D)
The Honorable Timothy D. DeGiusti, Chief U.S. District Judge

**MOTION OF *AMICI CURIAE* AUTHORS ALLIANCE, ELECTRONIC FRONTIER FOUNDATION, AMERICAN LIBRARY ASSOCIATION, AND ASSOCIATION OF RESEARCH LIBRARIES, AND PUBLIC KNOWLEDGE FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS-APPELLEES' LIMITED PETITION FOR PARTIAL PANEL REHEARING AND REHEARING EN BANC PURSUANT TO FED. R. APP. P. 29(b)(3)**

Dave Hansen
AUTHORS ALLIANCE
2705 Webster St. #5805
Berkeley, CA 94705
dave@authorsalliance.org

Mitchell L. Stoltz
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
mitch@eff.org
(415) 436-9333

*Counsel for Amici Curiae*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, *Amici Curiae* state as follows: Amicus *Curiae* Authors Alliance does not have a parent corporation and no publicly held corporation owns 10% or more of its stock. *Amicus Curiae* Electronic Frontier Foundation does not have a parent corporation and no publicly held corporation owns 10% or more of its stock. *Amicus Curiae* American Library Association does not have a parent corporation and no publicly held corporation owns 10% or more of its stock. *Amicus Curiae* Association of Research Libraries does not have a parent corporation and no publicly held corporation owns 10% or more of its stock. *Amicus Curiae* Public Knowledge does not have a parent corporation and no publicly held corporation owns 10% or more of its stock.

Dated: May 2, 2024

By: /s/ *Mitchell L. Stoltz*
Mitchell L. Stoltz

Pursuant to Fed. R. App. P. 29(b)(3) and Fed. R. App. P. 29(a)(3), *amici curiae* Authors Alliance, the Electronic Frontier Foundation (EFF), American Library Association, Association of Research Libraries, and Public Knowledge seek leave to file an *amicus* brief in support of Defendants-Appellees Limited Motion for Partial Rehearing and Rehearing En Banc in the above-captioned case.

Pursuant to Circuit Rule 27.1, *amici* asked all of the parties to this appeal for their position on this motion. All parties responded that they do not oppose the motion.

This Court grants motions for leave to submit an *amicus* brief when the movants have an interest in the appeal, explain "why an amicus brief is desirable," and show "why the matters asserted are relevant to the disposition of the case." *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175-76 (10th Cir. 2021).

## I. AMICI REPRESENT BROAD CONSTITUENCIES WITH STRONG INTERESTS IN A ROBUST FAIR USE DOCTRINE

*Amici* are five nonprofit organizations and associations who represent a spectrum of people and professions, including authors, readers, academics, library professionals, filmmakers, journalists, and technology users of all stripes. Each of these constituencies relies on courts' consistent application of copyright's fair use doctrine in order to create, communicate, receive, and learn from works of creativity and scholarship.

Authors Alliance is a 501(c)(3) nonprofit with over 2,700 members. We provide resources and guidance on legal issues for authors, such as our legal guide, *Fair Use for Non-Fiction Authors*. Our members rely on fair use every day in their research and writing and those uses would be significantly constrained by the panel's decision in this case.

The Electronic Frontier Foundation ("EFF") is a member-supported, nonprofit civil liberties organization. EFF has worked for over 30 years to protect fundamental rights in the digital world. With tens of thousands of dues-paying members, EFF represents the interests of technology users in court cases and policy debates regarding the application of law to digital technologies. EFF, its members, and the community of technology users they represent have a strong interest in a copyright system that promotes progress by safeguarding freedom of expression and access to knowledge.

The American Library Association ("ALA"), established in 1876, is a nonprofit professional organization of about 50,000 librarians, library trustees, and other friends of libraries dedicated to providing and improving library services and promoting the public interest in a free and open information society. The Association of Research Libraries ("ARL") is an association of 127 research libraries in the United States and Canada. ARL promotes equitable access to and effective use of recorded knowledge in support of teaching and research. ALA and ARL work

collaboratively on copyright issues through the Library Copyright Alliance. Collectively, these associations represent over 100,000 libraries in the United States. They share a strong interest in the balanced application of copyright law to digital uses. Libraries have engaged actively in the fair use landscape for decades, and remain committed to fair use as a crucial tool.

Public Knowledge is a consumer rights organization dedicated to promoting freedom of expression, an open internet, and access to affordable communications tools and creative works. As part of this work, Public Knowledge has advocated before Congress, in courts, and before administrative agencies to strengthen and protect fair use as a backbone of free expression and creativity.

## II. AMICI CAN AID THE COURT BY EXPLAINING THE IMPORTANCE OF REHEARING TO NUMEROUS OTHER AUTHORS AND CREATORS.

A petition for rehearing or rehearing en banc asks this court to consider the importance of its prior decision. Fed. R. App. P. 35(a)(2). *Amici* can aid this consideration by illustrating the impact of the panel's decision on a wide range of nonparties who rely on the fair use doctrine. *Amici* and their constituents rely on a long line of decisions that have found uses of copyrighted works for purposes like historical illustration, news reporting, and as quotation to support an argument to be favored uses under the fair use doctrine of 17 U.S.C. § 107. Our brief explains that the Supreme Court's decision in *Andy Warhol Foundation v. Goldsmith,* 598 U.S.

508 (2023) upheld and clarified these prior decisions rather than overruling them. It also explains why interpreting *Warhol* is a severe narrowing of the fair use doctrine, as the panel opinion did, imperils many important uses of copyrighted works that themselves advance copyright's constitutional purpose to promote progress. This context, not addressed by the appellee seeking rehearing, will aid the court's decision.

For these reasons, amici respectfully request leave to file the attached brief.

Dated: May 2, 2024                              Respectfully submitted,

By: /s/ *Mitchell L. Stoltz*
    Mitchell L. Stoltz

ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
mitch@eff.org

Dave Hansen
AUTHORS ALLIANCE
2705 Webster St. #5805
Berkeley, CA 94705
dave@authorsalliance.org

*Counsel for Amici Curiae*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify as follows:

1.  This Motion for Leave of Amici Curiae Authors Alliance, Electronic Frontier Foundation, American Library Association, Association of Research Libraries, and Public Knowledge in Support of Defendants-Appellees Limited Petition for Panel Rehearing and Rehearing En Banc, with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and Circuit Rule 27 because this brief contains 758 words; and

2.  This Motion complies with the typeface and type style requirements of of Fed. R. App. P. 32(a)(5) and Circuit Rule 32(A) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365, the word processing system used to prepare the brief, in 14-point font in Times New Roman font.

Dated:  May 2, 2024   /s/ *Mitchell L. Stoltz*
                      Mitchell L. Stoltz

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 2, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: May 2, 2024

By: /s/ *Mitchell L. Stoltz*
Mitchell L. Stoltz