**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WHYTE MONKEE PRODUCTIONS,
LLC, et al.,

     Plaintiffs - Appellants,

v.

NETFLIX, INC., et al.,

     Defendants - Appellees.
_____

AMERICAN LIBRARY ASSOCIATION,
et al.,

     Movants.

No. 22-6086
(D.C. No. 5:20-CV-00933-D)
(W.D. Okla.)

_____

**ORDER**
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on "Petitioners/Appellees' Limited Petition for

Partial Panel Rehearing and Rehearing *En Banc*" (Petition). Having carefully considered

the Petition and the filings in this appeal, we direct as follows.

The court's March 27, 2024 judgment in this matter is VACATED, and Appellees'

request for panel rehearing is GRANTED IN PART for purposes of supplemental

briefing and further oral argument on the issues set forth below. The panel is particularly

interested in the impact of the filed opinion on the law and practice of documentary filmmaking. The parties are therefore directed to file supplemental briefs addressing the following questions:

1.    To what extent are the predominant principles of fair use jurisprudence that relate to documentary use for "preamble" purposes (17 U.S.C. § 107) of film clips without paying licensing fees—including, but not limited to, the use of such clips as historical markers—apposite here to Petitioners-Appellees' commercial use of the Funeral Video?

2.    What impact, if any, does the Supreme Court's decision in <u>Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith</u>, 598 U.S. 508 (2023), have on the content and scope of the fair use principles described in question 1?

3.    If the fair use principles described in question 1 are apposite here, does the Panel's analysis properly take into account those principles and any impact of <u>Warhol</u> on the content and scope of those principles?

The parties' simultaneous supplemental briefs shall be filed within 21 days of the date of this order. The briefs may be no longer than 15 pages in a 13- or 14-point font, and while they need not comply with the content requirements of Fed. R. App. P. 28(a), they should be organized in a manner that is helpful to the court. Hard copies need not be submitted.

The Petition was transmitted to all non-recused judges of the court who are in regular active service. As no non-recused judge in regular active service requested that the court be polled, Appellees' request for rehearing *en banc* is DENIED.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk