# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS LLC, TIMOTHY SEPI, *Plaintiff-Appellants*, v. NETFLIX, INC., ROYAL GOODE PRODUCTIONS LLC, *Defendant-Appellees*. | Civil Appeal No. 22-6086 |

### RESPONSE IN NON-OPPOSITION TO THE AMICUS MOTIONS OF DEFENDANT-ALIGNED AMICI SEEKING LEAVE TO FILE SUPPLEMENTAL AMICUS BRIEFS

Pending before the Court are three separate amicus motions filed by Defendant-aligned amici requesting this Court's leave to file supplemental amicus briefs addressing the three questions raised for supplemental briefing by the Court on Panel rehearing.

Plaintiff-Appellants Whyte Monkee Productions LLC and Mr. Timothy Sepi (collectively "WMP") do ***not oppose*** these amicus motions because their appellate counsel believe that principled and pragmatic reasons mean these kind of motions should be granted routinely, *but*, in fairness, WMP should be afforded a chance to respond—an opportunity contemplated by Federal Rules of Appellate Procedure 29 and 32, as well as the basic tenets of our legal system. WMP will seek such leave under separate cover.

1

*First*, there appear to be two approaches to deciding amicus motions: then-Judge Alito's *permissive* approach and retired-Judge Posner's *restrictive* approach. Compare Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J., in chambers) ("preferable to err on the side of granting leave") with Ryan v. CFTC, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers) ("scrutinize these motions").

Then-Judge Alito thought such motions should be routinely granted for two basic reasons—principled and pragmatic reasons. For his principled reasons, then-Judge Alito worried that accepting some amicus briefs and denying others could engender "at least the perception of viewpoint discrimination" and could "convey an unfortunate message about the openness of the court." Neonatology, 293 F.3d at 133.

Pragmatically, then-Judge Alito worried that procedural wrangling over an amicus motion may be more trouble than its worth. Id. ("[T]he time required for skeptical scrutiny of proposed amicus briefs may equal, if not exceed, the time that would have been needed to study the briefs at the merits stage if leave had been granted.").

He concluded that amicus motions should be granted unless it is "obvious" that they do not meet Rule 29's relevance and desirability requirements "broadly interpreted." Id.

Judge Posner held a different view. He believed that amicus briefs were routinely unhelpful and, often, just the functional equivalent of word-length extensions. Ryan, 125 F.3d at 1063 ("After 16 years of reading amicus curiae briefs the vast majority of which have not assisted the judges, I have decided that it would be good to scrutinize these motions in a more careful, indeed a fish-eyed, fashion."); id. ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse.").

While WMP's appellate counsel are sensitive to Judge Posner's astute concerns, we believe (1) principles of speech, petition, *etc.*, militate in favor of near-universal acceptance of amicus briefs and (2) that, pragmatically, the Court is more able to discern what's helpful in reading the amicus *brief*—without trifling over the amicus *motion*.

WMP wishes to register this view because, under Judge Posner's approach, a non-opposition to an amicus motion could be read as a concession to the merit, policy wisdom, accuracy, *etc.*, of an amicus brief. WMP's non-opposition and assent to granting leave is nothing of the sort. Rather, WMP's non-opposition is a reflection of the views held by WMP's appellate counsel that align with then-Judge Alito's approach.

*Second*, in fairness, WMP should be afforded an opportunity to respond to the amicus briefs—an opportunity for review and response contemplated by the appellate rules, by the advisory committee notes, and by basic principles of adversarial litigation.

Notably, Rule 29 expressly requires initial-consideration amicus briefs and petition-for-rehearing amicus briefs to be submitted substantially before the deadlines of the submissions by the opposing merits counsel. Fed. R. App. P. 29(a)(6) ("no later than 7 days after the principal brief of the party being supported is filed"); Fed. R. App. P. 29(b)(5) ("no later than 7 days after the petition is filed"). The only situation that WMP's counsel is aware of where this staggered timeline is not followed is highly time-sensitive litigation, such as appellate stay motions or emergencies.

The Committee Notes explain the rationale for this staggered submission of amicus briefs:

> The 7-day stagger was adopted because it is long enough to permit an amicus to review the completed brief of the party being supported and avoid repetitious argument. A 7-day period also is short enough that no adjustment need be made in the opposing party's briefing schedule. **The opposing party will have sufficient time to *review* arguments made by the amicus and address them in the party's responsive pleading**.

Fed. R. App. P. 29 Committee Notes on Rules—1998 Amendment (emphasis added).

4

The staggered schedule for amicus briefs is meant to allow the merits counsel—WMP's counsel here—time to "review" what adversarial amicus briefs said. In turn, after that review, the rules contemplate time and words/pages to respond to to the amicus briefs. In short, the appellate rules set the timing of amicus briefs so that opposing merits counsel have time and word-count/page-count to review *and* "***respond***" :

> In a complex case, **a party may need to file a brief that exceeds the type-volume limitations specified in these rules**, such as to include unusually voluminous information explaining relevant background or legal provisions or **to *respond* to multiple briefs by opposing parties or amici.** The Committee expects that courts will accommodate those situations by granting leave to exceed the type-volume limitations as appropriate.

Fed. R. App. P. 32 Committee Notes on Rules—2016 Amendment (emphasis added).

In sum, the rules contemplate a meaningful chance to review and respond to amicus briefs. Such review and response is a basic feature of procedure and process in our legal system.

WMP presently intends to seek leave to respond to the points made in the amicus briefs under separate cover. WMP's appellate counsel have *not* reviewed the amicus briefs in the interest of respecting the Court's order for simultaneous supplemental briefing but will do so upon submission of Appellants' supplemental brief.

Thereafter, WMP may seek leave to respond to the amicus briefs, as appropriate, upon WMP's review.

Date: June 13, 2024              Respectfully submitted,

                                 */s/ Andrew Grimm*
                                 Andrew Grimm
                                 DIGITAL JUSTICE FOUNDATION
                                 15287 Pepperwood Drive
                                 Omaha, Nebraska 68154
                                 (531) 210-2381
                                 Andrew@DigitalJusticeFoundation.org

                                 *Attorney for Appellants*

## CERTIFICATE OF COMPLIANCE

This filing contains **1,028** words, excluding exempted portions.

This filing was prepared in Times New Roman 14-point font.

Date: June 13, 2024              Respectfully submitted,

                                 */s/ Andrew Grimm*
                                 Andrew Grimm

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via the Court's electronic filing system.

Date: June 13, 2024              Respectfully submitted,

                                 */s/ Andrew Grimm*
                                 Andrew Grimm